IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JARROD NICHOLAS GANT,

                Plaintiff,

   v.

SAWYER SCHMITZ, CAPT. HARTZHEIM, SGT. TJADER, BRIAN GREFF, JESSIE SCHNEIDER, B. KIRST, WARDEN J. BENZEL, E. DAVIDSON, HSM GUGLER, JENNIFER BARCZAK, SGT. WELLS, LT. MILLER, NATHANIEL BOTHFIELD, and DONALD CONKLIN.

                Defendants.

OPINION and ORDER

24-cv-62-jdp

---

Without counsel, plaintiff Jarrod Nicholas Gant alleged that he suffered injuries in two falls from top bunks. He alleges that defendants, all but one Department of Corrections employees, violated the Eighth Amendment by: (1) delaying approval of a low bunk restriction and; (2) trying to make him walk to his new cell while carrying his belongings, then restraining him when he refused to complete that task. Gant filed an amended complaint, which I will treat as a supplement to his original complaint.[1]

Because Gant proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune

---

[1] Gant has filed a barebones motion for summary judgment that I will deny as premature. The court has yet to enter a scheduling order. If I ultimately allow Gant leave to proceed on claims, defendants would likely be entitled to conduct discovery before a motion for summary judgment. The court would will hold a telephonic preliminary pretrial conference at which it would give Gant information on how to use the discovery process to obtain evidence to support or defend a potential motion for summary judgment.

defendant. I must accept Gant's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim, but I will allow Gant to amended the complaint to fix that problem. I will deny the motion for summary judgment as premature.

ALLEGATIONS OF FACT

On an unspecified date, Gant fell from his top bunk at the Oneida County Jail. Gant injured his right wrist in that fall and received a splint brace.

Gant was transferred to Dodge Correctional Institution (DCI) on about April 5, 2023. Nursing staff denied him a low bunk restriction.

On April 6, 2023, while incarcerated at DCI, Gant fell from his top bunk. Grant suffered bruises to his right leg, hip, ribs, and shoulder, and reinjured his right wrist. That night, defendant Dr. Conklin treated Gant at Waupun Memorial Hospital, gave him an arm sling, and put him on bed rest for 48 hours.

On April 7, 2023, Gant was assigned to a new cell at the opposite end of DCI. Gant told guards that, because of his injuries, he couldn't walk that distance while carrying a full bed roll, personal property bag, and bag of ice. Gant asked for a wheelchair, which medical staff denied after assessing him.

Gant was told that he would be taken to disciplinary segregation if he didn't walk to his new cell. Gant tried to walk there but quickly gave up, telling defendant officer Schmitz that he was in severe pain and could not continue. Restraints were placed on Gant, and the "mentioned defendants" took him to segregation.

Gant was later found guilty of disobeying orders and received seven days of disciplinary segregation. After spending a total of three weeks there, Gant was released. Gant "was to be issued a lower bunk upon returning to the general population," but didn't receive one until May 17, 2023.

According to the Department of Corrections' inmate locator, Gant was transferred to Wisconsin Secure Program Facility on June 5, 2023. Gant received physical therapy from defendant Bothfield for 12 weeks there, along with a TENS unit, Theraband, ice packs, extra pillows, and an Ace bandage.

ANALYSIS

A. Screening the complaint

I start with a general pleading problem: Gant does not identify the specific defendants who violated his rights. "Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (alteration adopted). An individual "cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.*

As relevant here, Gant alleges that: (1) nursing staff denied him a low bunk restriction; (2) medical staff denied his request for a wheelchair; (3) restraints were placed on him; (4) the "mentioned defendants" took him to segregation; and (5) he was to be issued a low bunk upon returning to the general population but didn't immediately receive one. Even if these allegations suggested Eighth Amendment violations, Gant doesn't identify which defendants, if any, committed this conduct. I cannot infer that every individual named as a defendant

3

participated in each of the alleged wrongful actions. Gant cannot proceed against all of the defendants based on a theory of collective responsibility.

I turn now to more specific pleading problems. Gant contends that he was deprived of medical care and decent living conditions, but he doesn't allege any potentially unlawful living conditions apart from the alleged deprivation of medical care. So I will disregard the living conditions and analyze a potential medical care claim.

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a medical care claim, Gant must allege that he had an objectively serious medical condition that defendants consciously disregarded. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). For a defendant to consciously disregard a serious medical need, he must actually know of, but disregard, a substantial risk to the prisoner's health. *See id.* That is, the defendant must have known of facts from which he could infer a substantial risk to the prisoner's health, and he must have drawn that inference. *Farmer*, 511 U.S. at 837. Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). A correctional official consciously disregards a prisoner's medical needs by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05. Gant must also allege that the conscious disregard of his medical needs injured him. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

Gant faults nursing staff for not issuing a low bunk restriction when he arrived at DCI. But the mere fact that Gant wore a splint brace for a wrist injury doesn't suggest that those

nurses knew that he needed a top bunk to prevent another fall. Even had Gant identified these nurses, I would not have allowed him to proceed based on this allegation.

Gant alleges that Dr. Conklin treated him, gave him a sling, and put him on bed rest for 48 hours. I will not allow Gant to proceed against Dr. Conklin because these allegations don't suggest that he disregarded his medical needs. Similarly, the allegation that Gant received physical therapy from Bothfield for 12 weeks doesn't suggest any deprivation of medical care. I will not allow Gant to proceed against Bothfield.

Gant faults unidentified guards for trying to make him walk to his new cell despite his injuries. But when Gant told them that he couldn't complete this task, he received a prompt medical evaluation. Medical staff denied his request for a wheelchair, but the guards were entitled to defer to their judgment that Gant didn't need one. *See McGee v. Parsano*, 55 F.4th 563, 573 (7th Cir. 2022) (holding that a correctional officer may defer to a nurse's medical judgment). Gant alleges that he later told Schmitz that he couldn't continue walking because he was in severe pain, but that assertion isn't detailed or specific enough to infer that Schmitz had "reason to know" that the nurse's care was inadequate *See id.*

I don't understand Gant to allege a violation of due process based on his disciplinary segregation. In any case, the mere allegation that Gant was segregated for three weeks doesn't state a due process claim. *See, e.g., Beamon v. Pollard*, 711 F. App'x 794, 795 (7th Cir. 2018) (stating that "135 days in segregation—absent any atypical conditions related to confinement—does not violate the Fourteenth Amendment"). Gant hasn't alleged that he experienced atypical or unusually harsh conditions in segregation.

I will allow Gant to file an amended complaint that fixes the above problems. In drafting his amended complaint, Gant should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Gant must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Gant should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Gant believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Jarrod Nicholas Grant's complaint, Dkt. 1 and Dkt. 7, is DISMISSED for failure to state a claim.

2. Plaintiff may have until May 9, 2024, to submit an amended complaint that fixes the above problems.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff's motion to amend, Dkt. 7, is treated as a supplement and GRANTED for that purpose.

7. Plaintiff's motion for summary judgment, Dkt. 2, is DENIED as premature.

8. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

9. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

10. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

11. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered April 9, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge